JANUARY 1820.

Roberts
v.
Johnson.

</div>

<div style="text-align:center">Judgment reversed.</div>

## ROBERTS v. JOHNSON.

1. On a writ against two defendants, the sheriff returns "*Executed; copy offered to defendant R. and not accepted.*"—*Semble,* that it is to be considered as executed on R. only.
2. But if executed on both, and the plaintiff discontinues as to one, and takes judgment against the other alone, no advantage can be taken on error by the defendant against whom the judgment is taken, unless he make the objection in the Court below.

GEORGE S. JOHNSON sued out a writ in debt returnable to the Circuit Court of Madison county, against Robert W. Roberts and John C. Gibbons, to recover on a note made by them for $933. On this writ the sheriff made the following return "*Executed—copy offered to defendant Roberts, and not accepted, 25th April,* 1827."

The plaintiff at the return term, filed his declaration against Roberts only, reciting that the said Gibbons was not found, and discontinuing his suit as to him. At the trial, a judgment by default was taken by the plaintiff against Roberts; and at the same term, on the affidavit of Roberts, the judgment by default was set aside, and the cause was continued. At May term, a judgment by default was again taken against Roberts; who still failed to plead. To reverse this judgment, Roberts sued his writ of error.

HUTCHISON and CRAIGHEAD, for the appellant, argued that the judgment being against Roberts alone, was erroneous, inasmuch as the record shews that the process was executed on both. Both defendants should have been declared against, and treated as being in Court. That the discontinuance was authorized by the statute only in cases where one was returned not found; and that therefore, as there was no such return here as to Gibbon, it was error to discontinue as to him.

ACKLEN, for the defendant.

Roberts
v.
Johnson.

By CHIEF JUSTICE LIPSCOMB. There is some ambiguity in the sheriff's return; a fair construction of it perhaps would be, that it was served on Roberts only, and if so, it was competent for the plaintiff to discontinue as to the other. But if the service had been perfected on both, the declaration being against one only, it should have been taken advantage of in the Court below by plea. The defendant suffered judgment by default, and opened the default on affidavit of merits, and then again permitted the judgment by default to be entered for want of a plea. The judgment must be affirmed.

Judgment affirmed.