## Thompson v. Saffold et al.

1. In an action against two on a contract, (not being within the statute of 1818,) a discontinuance as to one who is returned "not found," is a discontinuance as to all.
2. A certificate of a purchase of a lot of land, entitling the purchaser to a title on payment of the purchase money is not within said statute.
3. Such discontinuance is good cause of demurrer.

This was an action of trespass on the case commenced by A. M. B. Thompson, in Dallas Circuit Court, against James Saffold and Reuben Saffold, as survivors of P. Harrison, J. Cox, L. Wood, J. Phillips, and D. Files, deceased, who composed the "Portland Town Company," to recover damages of them, for failing to make title to a lot. The writ was executed on James Saffold; and as to Reuben Saffold, it was returned "not found." The plaintiff filed his declaration against James Saffold, (discontinuing his action as to Reuben Saffold,) stating that the persons above named, under the name of the "Portland Town Company," on the 23d of August, 1819, by John Cox, their treasurer, made and delivered to one Frederick Shef-

field, a certificate, by which it was certified that said Shef-
field had purchased of said company a lot in Portland, for
$36; one fourth of which was paid down according to
contract, and that if the remaining three fourths were paid
at certain specified periods to one of the proprietors of said
land, that then, said Sheffield, his assigns or legal represen-
tatives, should be entitled to receive from the proprietors a
deed in fee simple for the lot, under the penalty of $72. The
plaintiff avers that the payments were made according to
contract, and that afterwards, on the 8th of July, 1820,
Sheffield assigned the certificate to one Bradly Dear, and
that he afterwards, in 1822, assigned it to the plaintiff. The
declaration further states, that the plaintiff put improvements
on the lot to the amount of $3,000, and that the defendants
had no title deed to the land, but that the title to it was in ano-
ther person, and that that they were wholly unable to give a
title to the plaintiff for the lot; whereby he has sustained
great damages, &c. To this declaration, the defendant de-
murred, and at October term, 1828, judgment was there-
upon given for the defendant. This judgment on the de-
murrer is assigned for error.

R. G. GORDON, for the plaintiff in error.

H. G. PERRY, for the defendant.

By JUDGE WHITE. The design of the action was
to recover damages for failing to make title to a lot in the
town of Portland. The process was sued out against two
defendants, but was executed on but one, and the suit was
discontinued as to the other, and to the declaration against
one only, a demurrer was filed. It will be perceived that
the foundation of the action was the certificate, and as the
plaintiff proceeded against two defendants *in contract*, he
was, according to the well settled doctrine, bound to have
them both in Court before he could file his declaration,
unless the defendant not found had been pursued to a *plu-
ries*, or the instrument sued on was within the provisions
of the statute of the 7th of February, 1818, authorizing
discontinuances in certain cases. This statute provides
only for suits commenced on bonds, covenants, bills, pro-
missory notes and judgments of Courts of record in other
States or Territories. It is obvious that the certificate re-
ferred to, is neither a bond, bill, nor promissory note; but
a mere written statement of a purchase, and its terms sign-

ed by an agent. The declaration then, by shewing on its face a discontinuance against one of the defendants, in effect shewed that the entire action was discontinued. The demurrer was therefore well sustained.

Judgment affirmed.

JUDGES SAFFOLD and CRENSHAW not sitting.