TINDALL *versus* COLLINS, Survivor.

A discontinuance against a party not served with process, who is a *joint con-tractor*, (in a contract not embraced by the act of 1818) is error.

The act of 1818, authorising a discontinuance where the writ is returned, "not found," as to one or more of the defendants, does *not* embrace the case of a *co defendant to a joint contract in writing*, (not under seal,) *for the performance of work and labor.*

The statute of *Jeofails* does not cure the error of such a discontinuance—especially if the issue below was not on the *merits.*

THIS was an action, brought by the defendant in error, in the Circuit Court of Mobile, to recover on a joint contract, executed between Collins and his deceased partner Bebe, and Tindall and one Myers. The said Tindall and Myers had jointly contracted with Collins and Bebe for the performance of a job of work; and the action was to recover for a breach of the agreement, which was not a *covenant*. The writ was issued against both Tindall and Myers, but the same was executed on Tindall only. On the trial, the plaintiff below, filed a declaration, discontinuing as to Myers, and complaining against Tindall as sole defendant; on which there was a judgment for the plaintiff. To reverse this judgment a writ of error was taken to this Court.

STEWART; for Plaintiff.—SALLE, *contra.*

By Mr. Justice THORNTON.

This case is brought up by writ of error, from the Circuit Court of Mobile County, to reverse a judgment rendered therein against the plaintiff in error. There are many errors assigned; to any of which, except one, it is unnecessary to advert, as that is decisive of the whole case. The assignment referred

to, is, of a discontinuance of the cause of action by the plaintiff. The suit is brought against the defendant Tindall, and one William Myers, to recover damages for the breach of a written contract, said to have been entered into between the defendant in error, and his deceased partner, Elisha Bebe, of the one part, and the plaintiff in error, and the said Myers of the other; which writing was a contract, for work and labor to be done by the latter, in consideration of a sum of money to be paid in the manner, and at the times specified in the contract, by the former. This instrument is averred to be under the hands of the parties only, and is not a covenant. The writ issued against both the said plaintiff in error and Myers; and the declaration discontinues the action against Myers, on whom, it is averred, the writ was not served, and complains of the plaintiff in error, as sole defendant. By the common law, a discontinuance as to a party who was, as here, a proper co-defendant to the action, operated as a discontinuance of the whole cause. The statute of 1818, which authorises a discontinuance where the writ is returned "not found," as to one or more of the defendants, embraces only actions upon bonds, covenants, bills, promissory notes, and judgments, neither of which is the contract declared on in this suit.—(See *Thompson* vs. *Saffold, et als.*[a]) The same result would follow, if the defendants in the writ were partners in the matter of the contract, instead of joint contractors. In that event, there could be no dismissal as to one; for, by the statute above referred to, service on one would be service on both; and the declaration should follow the writ as to the parties. The statute of *Jeofails,* which is relied upon to cure this defect, has been, at least, constructively decided by this Court, not to do so, even where a material issue had been tried: (See

[a] 2 Stew. 494.

the case of *Adkins and al.* vs. *Allen*,[a]) But, without [a] 1 Stew. 130, that authority, we consider that the error was not cured in this case, by the trial of the issue had in the Court below, which was on a plea in abatement to the jurisdiction, and did not involve the merits of the case.

Let the judgment be reversed.