NORWOOD V. ROSSITER.

1. A promise in writing, by N and A to R, to discharge, pay, and satisfy cer-
tain debts due by R and A, as partners, is not within the act of 1818, autho riz-
ing a discontinuance, when the writ is not executed upon all the defendants
and therefore, a discontinuance in such case, as to one, is a discontinuance of
the action.

Error to the Circuit Court of Wilcox.

THIS action was commenced in the Court below, by attach-
ment, by the defendant in error, against the plaintiff in error,
and one Edwin Allen, on an instrument of writing not under,
seal; by which the latter agreed to discharge, pay and satisfy,
certain debts due by the defendant in error, and the said Allen,
under the firm of Rossiter & Allen. The attachment was le-
vied on the property of the plaintiff in error alone, but the de-
claration is against both the plaintiff in error and Allen. A
discontinuance was afterwards entered as to Allen. The
plaintiff below had judgment, from which this writ of error is
prosecuted by the defendant, who among other things, now
assigns for error, the discontinuance of the suit.

EDWARDS, for plaintiff in error.

ORMOND, J.—The instrument sued on in this case, is not
embraced in the statute of 1818, (Aikin's Digest, 267,) by its
terms, as it is neither a "bond, bill, covenant or promissory note."
If the question was open in this Court, we should be inclined
to think this case within the equity and meaning of the statute,
though without the letter; but we feel ourselves precluded from
putting that construction on it, by the decision of this Court, in
Thompson v. Saffold, (2 Stewart, 494,) and Tindall v. Collins,
(2 Porter, 17,) which cannot be distinguished from this case.
As by the common law, the discontinuance of a a co-defendant
who was a proper party, was a discontinuance of the entire ac-
tion; and as this case is not provided for by the statute author-

ising discontinuances in certain cases, the judgment must be reversed.