LEWIS HALE, MICHAEL FERRAL AND THOMAS M. CROWELL, PLAINTIFFS IN ERROR, *vs.* RICHARD CROWELL'S ADMINISTRATRIX.

It is a well settled principle that a party may resort to a court of error to obtain a reversal of his own judgment, if it has been so rendered that he may sustain injury by it.

The rule that a party shall not take advantage of an error for his benefit does not apply to errors of the Court, as when it pronounces a wrong judgment.

When, in a joint action upon a joint contract, a judgment is entered up against one defendant, after having discontinued as to the other who had been in court as co-defendant, it is erroneous and fatal.   This principle applies with greater force when the judgment is first taken against one of several joint obligors, and the suit is *afterwards* dismissed as to the others.

When, by the negligence or unskilfulness of an attorney, a judgment has been taken which stands in the way of a recovery, or is calculated to embarrass the plaintiff in a suit upon the original contract, and such judgment thus improvidently taken is erroneous, the plaintiff will be allowed to reverse it.

Error to Leon County Circuit Court.

The plaintiffs in error, who were also plaintiffs in the Court below, brought their action against Richard H. Crowell, Edward Bradford and Richard Bradford, in the late Superior Court of the County

of Leon, on a joint obligation signed and sealed by defendants.—
Three separate præcipes were filed by the attorney for plaintiffs, directing the clerk to issue three separate writs of summons *ad respon-dendum* against the defendants, which was accordingly done.

At the Spring term of said Superior Court, 1843, the attorney for plaintiffs filed a declaration against the defendants jointly, declaring on the aforesaid writing obligatory.

At the Fall term of said Court, in December, 1844, the plaintiffs by their attorney took a judgment by default against Crowell, and dismissed as to the other defendants.

This writ of error is sued out by plaintiffs to reverse their own judgment, as having been improvidently taken and to their injury, and for manifest error in the proceedings.

*Douglas,* for plaintiffs in error:

The plaintiffs in error, who were also the plaintiffs in the Court below, assign the following error as apparent of record, viz :

That the bond sued on was the *joint* bond of three persons and the judgment was taken by default against one of the joint obligors, and the proceedings were dismissed as to the other joint obligors.

Upon an inspection of the record the Court will find that *three* several præcipes were filed and three summons were issued, all of which were duly executed and returned; and that the plaintiffs declared *jointly* in one declaration against all the defendants. It also appears of record that the obligation declared on is the *joint* bond of the three defendants, and not their *joint* and *several* bond.

It is one of the canons of the law of contracts that all must be sued *jointly* who have *jointly* sealed a contract and are in life. 1 Peters S. C. Rep., 81. Rice *v.* Shute, 5 Burrows, 2611. Hermer *v.* Moore, cited in same case. In this last case the judgment was *arrested* because the facts, of the plaintiffs' own showing, made out that he ought not to have judgment; and these facts were : That all had sealed the bond and all were alive at the time of suit brought.

It seems to be well established law that, in all actions on joint contracts, the plaintiff is compelled to bring his action against all the parties thereto, and must recover judgment against all the *joint* contractors or none. 1 Ch. Pleadings, 32, 33, 38 and 546. 3 Term Rep. 782. 1 Hen. and Munf., 62. 3 Munf., 187. 2 Maul. and

Selwyn, 23.　2 Randolph, 446, 478, 174, 313.　2 Day's Rep., 387. 1 Hen. Blackstone, 108.　1 Saund. 207, note 2.

The only exception to this general rule or canon of the law of contracts is, where one of the *joint* contractors pleads some plea which goes to his *personal discharge ;* such as bankruptcy, *ne unques* executor and the like, and not to the *action of the writ.* In cases of the latter character the plaintiff may recover against the remaining joint contractors who are not by act and operation of law discharged from the action.　1 Saund. Rep., 207, note 2.　It is the practice in England, even in the case of bankruptcy or infancy, to require all the *joint* contractors to be sued.　Bevil *v.* Wood, 2 Maul. & Selwyn, 23. Mr. Justice Johnson, in the case of Miner *v.* Bank of Alexandria, 1 Peters' S. C. Rep., 81, says "It cannot be questioned that a joint contract by several, where all remain equally bound, all in life and all within reach of the process, more especially where they have been all actually arrested, the plaintiff must recover against all or none." This is that case : all were bound, all within reach of the process, and all served.　Still more ; the plaintiffs show, by their own pleadings, that they are not entitled to recover, for they declare against them all *jointly* and take a judgment against one by default, and subsequently dismiss as to the others.　Saddler *v.* Houston, 5 Stew. & Porter, 205.　Jenkins *v.* Hunt, 2 Randolph, 446, 478, 174, 313.— 2 Blackf., 131.　1 Stew. & Porter, 189, 62, 130.

It may be said that the plaintiffs in error in this case, who were also plaintiffs in the Court below, are not entitled to reverse a judgment which they have erroneously taken.　In reply to that we say :

1. That the plaintiffs are not to suffer for the errors, mistakes and inattention of their attorney.　See the case of Holker et al. *v.* Parker, 2 Cond. Rep. S. C. U. S.

2. That nothing is more frequent than a resort to an appellate court by those who are injured by improvidently taking an erroneous judgment.　To this point Beecher's case, reported in 8 Coke, 58, Croke James, 211, is direct and positive.　That was a suit upon a bond, and a *nolle prosequi* was entered by the plaintiff.　On a second action upon the same contract it was held to be a bar, and it became necessary to remove the judgment by a writ of error for some *technical* informalities, before the obligee could recover on the original contract.　Croke James, 211.　The case at bar is that case.　An unproductive and erroneous judgment stands in the way of a recove-

JANUARY TERM, 1849. 537

Hale et al. *vs.* Crowell's Administratrix.—Opinion of Court.

ry on the original contract. The plaintiffs have been grievously injured by the unskilfulness of their attorney. This unskilfulness is now used to defeat a just demand. The record shows manifest error, and. this Court is now appealed to, for the purpose of removing the impediment to a just recovery and promoting the ends of justice.

*Archer*, for defendant in error.

Opinion by Chief Justice DOUGLAS :

This suit was instituted in the late Superior Court of Leon County, by Lewis Hale, Michael Ferrall, and Thomas M. Crowell, against Richard H. Bradford, Edward Bradford and Richard H. Crowell, upon the *joint* bond of the defendants, (in the Court below,) for the sum of thirteen hundred dollars, payable to the plaintiffs. Process was sued out against and duly served upon all of the said defendants, and the declaration filed in the case is in the usual form in debt, charging all the defendants *jointly*. Judgment by default for want of plea, was rendered against Richard H. Crowell only, for the said sum of thirteen hundred dollars debt, and one hundred and ninety-four dollars and seventy cents, making together the sum of fourteen hundred and ninety-four dollars and seventy cents and costs, &c.—— Whether on motion of the attorney for the plaintiffs or not, the record does not state ; but it shows that he was present, and he seems to have acquiesced in it, for immediately after it was entered, the suits against Richard H. Bradford and Edward Bradford were dismissed " by consent of parties, by their *attorneys.*" Since the rendition of said judgment, the defendant, Richard H. Crowell, has departed this life, and this suit is prosecuted by the plaintiffs in error, (who were also plaintiffs in the Court below,) to reverse their own judgment, on the ground that it was improvidently taken by their attorney, and tends greatly to their injury. The error assigned is, that the bond sued on was the *joint* bond of three persons, and the judgment was taken by default against one only of the *joint* obligors, and the proceedings were dismissed, as to the other joint obligors. The defendant in error appears by her counsel, but makes no objection.

That a party may resort to a Court of Error, to obtain the reversal of his own judgment, if it has been so rendered that he may sustain injury by it, is a principle too well settled to be now contested. Johnson *v.* Jebb, 3d Burr Reps., 1772. 2 Eng. Comm. Law cases, 255, is a leading case upon this subject, and it was likewise so held by this

Court, in the case of Ward and May *v.* Bull and Shine, 1 Florida Reps., 275, where a number of authorities in point are cited, but a number more might be added ; it is also laid down in 2 Tidd's Pr., 1134, and 1 Archbold Pr., 232. The only question is, whether this is a case proper for the application of the principle, and we think it is. In Capron *v.* Von Noorden, 2 Cranch, 126, 1 Peters' Cond. Reps., 370, Mr. Capron (who was plaintiff below) sued out a writ of error, and assigned for error that the record did not show that the Circuit Court had jurisdiction, the parties not being described so as to show they were within the provisions of the act of Congress. "The only question submitted to the Court was, whether the plaintiff could assign as error his own *omissions* and *irregularities* in the pleadings. The defendant did not appear, but the citation being duly served, the judgment was reversed." The rule that a party shall not take advantage of an error for his benefit does not apply to errors of the Court, as where it pronounces a wrong judgment. Cross *v.* The United States, 1 Gallison's Reps., 26. In the case of Teal *v.* Russell, *et al.*, 2 Scammon, 319, 321, it was held that where an action is brought against several, and a plea is filed as to one, and the default of the others is entered, it is erroneous to take final judgment against them until the plea is disposed of. The Court say, " it was clearly erroneous in the Circuit Court to render a judgment against McClure and Russell, during the pendency of the plea filed by Peyton. If issue had been joined on that plea, the proper course would have been to have sworn a jury, as well to try the issue joined as to assess the damages, as to those who had suffered the default. Until the plea filed by Peyton was disposed of, no judgment could regularly be entered against the other defendants ; and although the judgment against McClure and Russell was in favor of Teal, yet the law is well settled that the plaintiff may have his own judgment reversed. Judgment reversed." In Jones *et al., v.* Wright, *et al.*, 4 Scammon, 338, 339, Catron, Justice, delivering the opinion of the Court, said : " This suit was brought against Wright and Jackson on a promissory note, process was served on both the defendants, and Jackson appeared and pleaded the general issue. At a subsequent term, without noticing this plea, a judgment by default was taken against him, the damages assessed, and execution awarded. Afterwards Wright appeared, and filed a plea, on which issue was taken, and a jury called, when the plaintiff submitted to a non suit as to him. Execu-

tion had been issued against Jackson, and returned '*nulla bona.*'— To reverse this judgment against Jackson, the plaintiffs have prosecuted this writ of error, that they may commence their action anew." The question was, whether the plaintiffs could obtain a reversal of their own judgment, and after citing Capron *v.* Van Noorden, 2 Cranch, 126, Teal *v.* Russell, *et al.*, 2 Scam., 321, Johnson *v.* Jebb. 3 Burr, 1772, and 2 Tidd's Practice, 1134, the Court proceeded : " Without going further into the authorities, it is clear that a plaintiff may obtain a reversal of his own judgment, for irregulari‑ ties which may have intervened in the Court below, in order that he may commence another suit, and obtain a regular and valid judg‑ ment, as well as where errors have been committed against him."— And Beecher *v.* Shirley, reported in 8 Coke, 58, and Croke James, 211, also sustains this principle.

Another question presented for our consideration is, what was the effect of rendering judgment against Richard H. Crowell *only*, and then dismissing as to the two Bradfords. It is to be recollected that Crowell could not have pleaded a non-joinder of parties, because when the judgment against him was rendered they were parties to the suit, and such a plea would have been contradicted by the record. In Sadler *et al. v.* Houston and Gillespie, 5 Stewart and Porter, 206, service of the writ was effected on both the defendants. " There does not," said Ch. J. Lipscomb, " appear to have been any appear‑ ance, unless we can infer the presence of the defendants, from the manner in which the clerk has entered the judgment." The case is first stated of Houston and Gillespie against both defendants ; he then goes on to say, " the parties appeared by their attorneys, and the said plaintiff dismissed *his* suit against the said Mary Sadler, and the said defendant saith nothing in bar, &c., concluding a judgment of *nihil dicit* in the usual form. The error assigned is in entering up judgment against one only, after having discontinued against the other defendant, who had been in Court as co-defendant."

" That such a discontinuance is error and fatal, has been ruled (said the Chief Justice) by a series of decisions in this Court, and it will be only necessary to refer to the cases. The case of Smith‑ *v.* Hill, 1 Stewart and Porter, 62. Adkins *v.* Allen, ibid, 130. Bra‑ han *v.* Johnson, ibid, 189. Roberts *v.* Johnson, 2 Stewart, 13, and Thompson *v.* Saffold, *et al.*, 2 Stewart, 494. The principle (he says) is acknowledged in all these cases, and we are fully satisfied

of its soundness." And if it is thus conclusive, where the suit was dismissed as to some of the joint obligors, or contractors, before judgment against the others, "*a fortiori*," it must be so, where the judgment is first rendered against one obligor, and the suit is afterwards dismissed as to the others. In King's administrators's *v.* Anthony, 2 Blackford, 131, the Court held, that " if the plaintiff in an action against two, proceed to judgment against one alone, and the record do not contain a return of the writ that the other had not been found, and a suggestion of such return, the judgment will be reversed in error." In Jenkins *v.* Hart's Commissioners, 2 Rand. 447, the Court held, that in a joint action upon a joint contract, (the very case at bar,) the plaintiff must have judgment against all the defendants, or he can have judgments against none. In the case of Newman *v.* Graham, 3 Mum., 187, 188, the Court of Appeals of Virginia, upon the authority of the case of Leftwick *v.* Berkley, 1 Hen. & Mum., 62, held, " that in an action of debt against one obligor only, if the declaration describe the bond as joint, and do not state the other obligor to be *dead*, it is a fatal error, though not pleaded in abatement, and is not cured by verdict." That case is analagous to the case at bar in this, that the defendant did not crave oyer of the bond, but a copy of it was nevertheless annexed to the transcript of the record by the clerk, as in this case. But there is an essential difference between them in this : the bond in that case (as shown by the copy) was *joint* and several—while in this, it is *joint* only : in that, the defendant appeared and pleaded—in this, there was judgment by default. The Court decided the case according to the showing of it, which the plaintiff had made in his declaration, and so we deem it proper to decide this.

A *nolle prosequi*, or dismission, is simply an agreement not to proceed further in the suit, as to the particular person, or cause of action.    2 Saunders' Reps., 207, note 2, and authorities there cited.

Holker *et al.* v. Parker, 7 Cranch, 436, 2 Peters' Cond. Reps., 560, is cited as an authority to show that plaintiffs should not be permitted to suffer, on account of the errors or mismanagement of their attorney. But the case of Beecher *v.* Shirley, 8 Coke, 58, and Croke James, 211, above cited, is an authority more directly in point. That was a suit upon a bond; the defendant, Shirley, pleaded payment, and it was found for him ; but the Court being in doubt upon a point of law which arose in the case, after divers motions, the plaintiff, Bee-

cher was content that a discontinuance should be entered, but by the *negligence of his attorney,* a judgment was entered, which it became necessary for him to remove by writ of error, before the obligee could recover on the original contract. He sued out a writ of error, which was sustained, and the judgment was reversed. That is precisely the case before us. Here an erroneous judgment, improvidently taken, as appears by the attorney of the plaintiffs, stands in the way of a recovery, (or is calculated at least to embarrass the plaintiffs very much in a suit) upon the original contract; the plaintiffs having been injured by the unskilfulness of their attorney, there is manifest error in the record. The judgment of the Court below is, there-fore, reversed, but at the costs of the plaintiffs.

*Per curiam.*