JOHN B. DOGGETT, PLAINTIFF IN ERROR, v. MARCELLUS JORDAN, DEFENDANT IN ERROR.

When a petition for rehearing is postponed or continued, there should be an order made simultaneously with the order of continuance, vacating or suspending the judgment.

The principle settled and decided at the January Term, 1849 and 1850, in the case of Doggett v. Jordan, approved and re-asserted. See 2d Florida Reports, 541, and 3d Florida Reports, 215.

It is not a good ground for the rehearing of a cause, and setting aside the mature and deliberate judgment of the Court, that it differs from a previous judgment, made upon a misapprehension of the record. If this was allowed, it would be to perpetuate error, for the sake of consistency.

This cause was decided at the January Term, 1850. See 3d Florida Reports, 215. The defendant in error filed a petition for rehearing, which, for want of time, was not considered at that term.

16

The petition sets forth the ground of the application, and is as follows, viz :

Defendant in error by his counsel moves and petitions the Court for a new hearing of this cause, and assigns the following reason :

The Court, in the opinion pronounced on yesterday, reversed the judgment of the Circuit Court in favor of Jordan, for a cause which was assigned as error at the last term of this Court, and expressly overruled *"per curiam."*

The Chief Justice, delivering the opinion of the Court in this cause, at the last term, (See Reports 1849, page 551, 552,) says : " The *fifth* error alleged seems to have been assigned under a misapprehension of the provisions of our judiciary act, the 12th section of which (Duval's Compilation, page 92—Thompson's Digest, page 327, No. 2,) declares "That when any original writ or summons has been sued out against two or more defendants, and returned by the sheriff, or other officer, served upon one or more of the defendants, and that the other defendants do not reside in said district or county, as the case may be, it shall be lawful for the plaintiff, at his option, to proceed to judgment against those upon whom process has been served, or to obtain from the Court time to perfect service," &c. We have seen that the summons in this case was issued against John B. Doggett and Henry Doggett, and that it was returned " served on John B. Doggett, and that Henry Doggett did not reside in this (Leon) county." This brings the case within the provisions of that statute. The plaintiff elected to proceed to judgment against John B. Doggett, the defendant upon whom process had been served, and we see " no reason to doubt his right to do so. The fifth error, therefore, is not sustained."

It will be perceived, by reference to the " fifth" error here alluded to and overruled, that it is identical with the only error now assigned and sustained. The facts in

regard to this point were exactly the same at the last term as at this. We contend, therefore, that this Court has already decided this point in this cause. The defendant in error (Jordan) has acted upon that decision, by going to trial with the pleadings and return of the sheriff the same as they were at the last term. Had the Court, when this case was brought before it at the last term, sustained the "fifth" error assigned, Jordan would have had it in his power, at the new trial, to have altered his pleadings, so as conform to the opinion of the Court ; but the Court having refused to sustain the "fifth" error, and having decided that it was not error in him to proceed as he then did, and now does, in regard to this point, he went into the new trial with the pleadings and return of the sheriff unaltered. At the new trial, he obtained another verdict and judgment. We respectfully submit whether that verdict and judgment should be now set aside and reversed, for a cause which was then determined by this Court, after argument and deliberation, to be no proper ground for error.

*Long* & *Walker*, for Petitioner.

*Branch*, for Defendant.

ANDERSON, *Chief Justice*, delivered the opinion of the Court.

The petition for a rehearing in this case was filed during the last term of the Court, but for want of time, its consideration was postponed to the present term.

We have found no precedent for an order of continuance in relation to a petition of this nature, but we suppose that it is a necessary incident to the general powers of the Court, and so deeming, we have no hesitation in considering it. The difficulty which it has been suggested might arise from granting a rehearing after the former judgment was executed, might be avoided by an order vacating or suspending

the judgment, made simultaneously with the order of continuance. This was omitted at the last term, but we understand no action has been taken upon the judgment in this this case, and, therefore, no inconvenience can result from the consideration of the petition. The future observance by the Court of the practice of suspending its judgment, when it finds it necessary to continue a petition for rehearing, will sufficiently provide against the occurrence of any difficulty hereafter.

The ground upon which the petitioner asks for a new hearing is a single one, and is thus stated: "The Court, in the opinion pronounced on yesterday, (during the term of 1850,) reversed the judgment of the Circuit Court in favor of Jordan, for a cause which was assigned as error at the last term of this Court, and expressly overruled "per curiam."

In proof of this allegation, the petition refers to the opinion of Chief Justice Douglas, upon the fifth error assigned in the record of 1849, which error is in these words : " The Court erred in entering judgment against John B. Doggett alone, if John B. Doggett was liable as a partner of Henry Doggett." This error was not sustained, for the reasons given by the Chief Justice, which were based upon the return on the writ first issued in the case. In the argument of counsel in this case, printed at length in the report of the case, no reference is made to this fifth error whatever.

The case having been sent back for a new trial, was brought up again to the Supreme Court in 1850, and the only error assigned was the same in substance with the fifth error as assigned on the previous appeal. On this occasion, the error was sustained.

On looking into the opinion of the Court, it will be at once perceived that the attention of the Court was called to a different state of the record from that which they supposed it to be in the year previous. In the first case, the

attention of the Court was directed to the return on the first writ, and we think their decision in reference to that return was correct. In the second case, their attention was directed to the fact that, subsequently to the return on the first writ, the plaintiff procured, by order of the Court, an *alias* summons to issue to Henry Doggett, upon which the sheriff made return in the following words, to wit: " Not in the county."

It also appeared from the record, that judgment was rendered in favor of the plaintiff, Jordan, against John B. Doggett, and that there was no order of the Court, showing what disposition had been made of the suit as to Henry Doggett.

The error assigned was " a departure in the judgment from the writ and declaration, which renders said judgment reversible—that the writ and declaration being joint against John B. Doggett and Henry Doggett, and the judgment against John B. Doggett alone, there should have been some order or judgment of Court, showing what disposition had been made of said suit as to Henry Doggett." For reasons which seemed sufficient to the Court, and which, to our minds, are conclusive, this error was sustained, and the judgment below was reversed.

If there was error in the first decision of this case, it arose from the fact that the Court did not have their attention called to a particular portion of the record, to which it was called on the second occasion, by a more particular assignment of error. The granting of a new hearing now, having in contemplation the setting aside the more mature and deliberate judgment of the Court, because it differed from a previous judgment, made upon a misapprehension of the record, would be to perpetuate error, for the sake of consistency—a policy which is vicious in all professions, but in a Court of Law of the last resort, it would be evidently unbecoming and mischievious.

We are relieved from all apprehension of any injustice being done in this case, by the fact that the judgment now complained of being an order for a new trial, is not conclusive as to the rights of either party. A simple amendment of the sheriff's return, would effectually remove any obstacle that the opinion of the Court interposes to the prosecution of the plaintiff's claim in the Court below. New trials are available for the correction of the mistakes of the Courts, as well as for those of the jury.

The petition for rehearing is denied.