JONAS JONES and his wife, ISABEL JONES, *Appellants,* vs. R. G. GRIFFIN, *Appellee.*

138 So. 38.

Division B.

Opinion filed November 30, 1931.

*Anna A. Krivitsky,* of Tampa, for Appellants;
*Baya & Baya,* of Tampa, for Appellee.

PER CURIAM.—This is an appeal by Jonas Jones and Isabel Jones, his wife, from a final decree in favor of the complainant, R. G. Griffin, in a foreclosure suit wherein the said R. G. Griffin filed his bill of complaint to foreclose a mortgage upon certain real estate owned by Jonas Jones, which mortgage was given to secure a note signed by said Jonas Jones and by his wife, Isabel Jones.

The appeal is from a final decree but the assignments of error questioned several orders made during the progress of the cause.

The only contention which merits discussion is that insisted upon by the appellants and strenuously argued in their brief to the effect that the note sued on in the bill of complaint and filed in evidence is a joint note be-

cause it is signed by Jonas Jones and Isabel Jones, his wife. In this connection it is argued that since Isabel Jones is a married woman that the promissory note is void as to her and that therefore the complainant failed to make out a case predicated upon a bill of complaint alleging the making of a joint note, which note was not joint because it was void as to one of the two joint makers.

In Mattair v. Card, 18 Fla. 761, it was held that where a promissory note is signed by the husband and wife and secured by. a mortgage executed by both husband and wife that the note is *prima facie* a valid note of the husband sufficient to support a decree of foreclosure for the indebtedness represented by the *prima facie* valid note of the husband alone. The precise point decided in that case was that the mortgage of a married woman, upon *her* separate property was binding and enforceable when it was joined in by the husband, even though it appeared that the mortgage having been given to secure the joint note of the married woman and her husband, the note itself was void as to her.

In this case the mortgage is upon, the property of a married man and the mortgage is properly executed jointly by husband and wife. The fact that the note representing the debt secured by the mortgage was signed by the wife as well as the husband did not destroy its efficacy as evidence of the indebtedness against the husband, even if it be held that it was void *in toto* against the wife. Furthermore, the *mortgage* was signed by both husband and wife and they were both necessary parties to the suit so no error was committed by the chancellor in granting the relief prayed for, namely, the foreclosure of the mortgage,—against both defendants even though the mortgage debt be considered the debt of the husband alone.

It may be pertinent to also call attention to the fact that even at common law there are well recognized exceptions to the universal rule that in an action on a joint

contract the complainant is compelled to bring his action against *all* parties thereto and must recover judgment against all joint contractors or none.

One of these recognized exceptions is where one of the joint contractors pleads some plea which goes to his personal discharge or pleads or gives in evidence a matter which is a bar to the action against himself and of which the others could not take advantage. In such cases it is held that judgment may be entered *for* the defendant who pleads a personal defense and *against* the rest who are' not entitled to take advantage of it. Personal defenses within the exceptions to the rule have been held to include insolvency and personal disability to contract, such as infancy, insanity, coverture and other like matters. See 33 C. J. Sec. 65, page 1111; 14 Ency. Plead. & Prac., page 701; Atkinson v. Weidner, 83 Mich. 412, 47 N. W. 317.

So considering the case here controlled entirely by the common law rule as to recovery upon alleged joint contracts, the same result must inevitably have been reached by the chancellor because the joint note of the husband and wife was not discharged by the coverture of the wife, the husband remaining liable thereon and not being entitled to raise any defense in his own behalf because of the coverture of his joint obligor. An application of this same principle will be found in Cozine v. Randolph, 71 Fla. 603, 72 So. 177, where it was held that sureties upon a bond may be bound though the *feme covert* principal be not bound.

We deem it pertinent in disposing of this case to call attention to the fact that portions of the brief filed by the appellants charging deception and trickery against the counsel for appellee in the court below when such charges are not supported by the record nor any assignment of error specifically predicated thereon, as well as insinuations that the Judge himself tacitly approved of such trickery and deception, violates the rule laid down by this

court in State v. Call, 41 Fla. 450, 26 So. 1016, wherein it was said that briefs must be couched in language, respectful to the Judge below, the attorneys and all other persons mentioned therein.

It is probable that no real offense to either court or counsel was intended by counsel for the appellants, whose sincere conviction in the justice of her position has led to an able presentation of her cause which appears to have resulted in hasty and ill advised statements in the brief which we do not believe would have been included on more mature and deliberate reflection. For this reason we deem a simple admonition a sufficient corrective for the violation of our rules above referred to. Every brief filed in this court should contain a dignified and orderly presentation by counsel of the law and facts of the case without criminations or recriminations against opposing attorneys or the Court, whether any personal offence is intended thereby or not. This requirement should not be lost sight of in the commendable enthusiasm of partisan advocacy usually found where counsel feel a real interest in the result of their arguments.

The decree appealed from appears to be sustained by substantial evidence so it must be affirmed under the well settled rule established in this jurisdiction to the effect that when a cause in equity has proceeded to final hearing and the decree rendered by the chancellor appears to be supported by substantial evidence and no harm appears to have been done by any alleged error claimed to have been committed by the chancellor in matters of pleading or procedure, that such decree will not be reversed. See Lake Mabel Development Corp. v. Bird, 99 Fla. 253, 126 So. 356.

Affirmed.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.