S. L. HARRINGTON, *Plaintiff in Error,* vs. J. H. BOWMAN, JR., C. L. KNIGHT and J. E. WALL, *Defendants in Error.*

143 So. 651.

Division B.

On rehearing.

Opinion filed July 6, 1932.

Petition for Second Rehearing denied October 1, 1932.

*Shackelford, Ivy, Farrior & Shannon,* for Plaintiff in Error;

*Jackson, Dupree & Cone, Sparkman & Knight, Gibbons & Gibbons* and *Whitaker, Himes & Whitaker,* for Defendants in Error.

PER CURIAM.—In an opinion heretofore filed[*] we held that the motion in arrest of judgment, which was granted, should have been denied, and that the judgment for defendants on the merits, which was entered pursuant to the granting of the motion in arrest of judgment, should be reversed and the cause remanded for further proceedings in the Circuit Court on a pending undisposed of motion for a new trial.

A rehearing has since been granted and the cause argued before the whole Court.

The contention on rehearing is that while it was proper for this Court to reverse the judgment and remand the cause, under the circumstances shown by the record, that nevertheless such reversal of the judgment should have carried with it a direction to dismiss the plaintiff's suit, because of a discontinuance of same by operation of law.

The suit was begun as a joint suit against three defendants alleged to be liable on a joint and several promissory note. Two of the defendants were served with process but the third named defendant, J. H. Bowman, Jr., was not served, the return of the officer being simply "not found."

The two defendants who were personally served entered their appearance. Both filed pleas and went to trial in the absence of the third defendant. The result as to the two defendants before the Court was a verdict for the

---

[*]Harrington v. Bowman, 102 Fla. 339, 136 Sou. Rep. 229.

plaintiff against C. L. Knight and J. E. Wall. No verdict was rendered, nor could have been rendered under the circumstances, against J. H. Bowman, Jr.

Plaintiff in error contended in his original briefs that after the verdict was rendered against Knight and Wall, it became necessary to have entered and rendered a proper final judgment upon the verdict returned as against the two defendants before the court. It was also contended that the Court should have permitted an amendment of the sheriff's return so as to show that Bowman did not reside in the County and that therefore plaintiff had the right under the statute* to proceed against the others who were served, although Bowman was named on the record as a joint defendant and not served.

The court's denial of plaintiff's motion to amend the sheriff's return cannot be considered, because we must presume that the order denying that motion was correct and there is no bill of exceptions to demonstrate that the presumption has been overcome in this case. Fidelity & Deposit Co. vs. Aultman, 58 Fla. 228, 50 Sou. Rep. 991.

In an action brought as a joint suit, no other than a joint judgment could be rendered therein at common law. Webster v. Barnett, 17 Fla. 272; Hale v. Crowell's Adm'x., 2 Fla. 534; Mutual Loan & Building Assn. v. Price, 19 Fla. 127; Bacon v. Green, 36 Fla. 325, 18 Sou. Rep. 870; Somers v. Florida Pebble Phosphate Co., 50 Fla. 275, 39 Fla. 61;

*"4496. (2809) Proceedings.—Where suit is brought against two or more defendants, and the summons is served on one or more, but not on all, and the sheriff returns that the defendant not served does not reside in the County, the plaintiff may proceed against the defendant served, noting the fact of non-service on the absent defendant, and if he recover judgment, it may be entered up against the defendant served, noting the fact of non-service as aforesaid, which may be enforced against the property of the defendant against whom the judgment is entered, and the joint property of the defendants named in the writ; nothing herein shall be construed to prevent the plaintiff from bringing suit thereafter against any defendant not served for the same claim or demand; but the plaintiff shall have satisfaction of only one judgment rendered for the same cause of action. Or the plaintiff may, at his option, order additional originals and copies to be directed to the sheriffs of the counties in which the other defendants reside to be served and returned according to law." Section 4496 C. G. L., 2809 R. G. S.

Springstead v. Crawfordville State Bank, 63 Fla. 267, 57 Sou. Rep. 668.

Where some of the joint defendants in a joint suit were beyond the jurisdiction, though properly joined as defendants, the remedy at common law to enable plaintiff to proceed against those who were served, in the absence of those not served, was outlawry. The rule on this subject was thus stated in Barton v. Petit, 7 Cranch. 194, 3 L. Ed. 313*, as follows:

"The general rule certainly is, that if two or more persons are sued in a joint action, the plaintiff cannot proceed to obtain a judgment against one alone but must wait until the others have been served with process, or until the other defendants have been proceeded against as far as the law authorizes for the purpose of forcing an appearance. In England the plaintiff must proceed to outlaw the defendants who have not been served, before he can proceed against those who appear. In Virginia, where this suit was brought, the plaintiff might have taken out an alias and a pluries capias or testatum capias, or, at his election, an attachment against the estate of such defendant; or, upon the return of a pluries not found, the court may order a proclamation to issue, warning the defendant to appear on a certain day, and, if he fail to do so, judgment by default may be entered against him.

But, whatever may be the mode provided by law for forcing an appearance, the plaintiff cannot proceed to obtain a judgment against one defendant in a joint action against two, until he has proceeded against the other as far as the law will authorize, unless the law dispenses with the necessity of proceeding against the other defendant beyond a certain point to force an appearance. Thus, in Pennsylvania, (as is known to one of the judges of this court) if the sheriff return non est as to one defendant, the plaintiff may proceed against the other on whom the writ was served, stating in his declaration, the return of the writ as to his companion."

*This case was cited with approval by this Court in Doggett v. Jordan, 3 Fla. 215, affirmed upon rehearing in 4 Fla. 121.

At common law there must be a recovery against all or none of those *declared* against jointly unless one defendant has shown a defense personal to himself, not affecting the the original joint liability; and plaintiff, while maintaining his suit as a joint action, cannot sever and take judgment against one or more only of the several defendants. A Judgment in a joint action against one only will be rendered as to all, where one of several defendants jointly sued at common law was not served with process. See Jones v. Griffin, 103 Fla. 745, 138 Sou. Rep. 38; 8 C. J. 1085.

Section 4496 C. G. L., 2809 R. G. S., is in derogation of the common law in that it authorizes judgment to be rendered jointly against all defendants actually served, where a number of defendants are sued jointly on a joint, or joint and several, contract, without requiring those named as defendants and not served, to be prosecuted to outlawry as at common law. See 33 C. J. 1118.

So the rule is that even where the note or contract sued on is joint and several, where the action brought is a joint action brought as if upon a contract imposing a joint liability, judgment cannot be taken against less than all the defendants thus sought to be held jointly liable, unless the terms of Section 4496 C. G. L., *supra*, are first strictly complied with, unless some defense is interposed by one or more of the defendants personal to the defendant against whom judgment is not to be rendered. Doggett v. Jordan, 3 Fla. 215, 4 Fla. 121; Springstead v. Crawfordville State Bank, 63 Fla. 267, 57 Sou. Rep. 668.*

In our former opinion we held that when the two defendants served voluntarily joined issue with the plaintiff

---

*1 Chitty on Pleading (16th Ed.) 51, states the rule as follows: "When a contract is several as well as joint, the plaintiff is at liberty to proceed against the parties jointly or each separately, though their interest be joint. But if there be more than two parties to a joint and several contract, as where several obligors are jointly and severally bound, the plaintiff must either sue them all jointly or each of them separately."

and went to trial without objecting to the failure to serve the other joint defendant, or went to trial without objecting to plaintiff's failure to show compliance with the statute permitting the cause to proceed to trial without him, that the otherwise permissible objection as to the third defendant's absence could not be raised by them by a motion in arrest of judgment in view of Section 4501 C. G. L., 2814 R. G. S.

Our view on rehearing is, however, that since the use of a motion in arrest of judgment has heretofore been sustained as a proper means of raising this kind of an objection (See Webster v. Barnett, 17 Fla. 272, text 279) that waiver of the point cannot be imputed to the defendants from the bare fact of their joinder of issue or from their failure to affirmatively object prior to the time the filing of a motion in arrest of judgment was required, such motion not being required to be made until after verdict. (Sections 4500 C. G. L., 2813 R. G. S., 4498 C. G. L., 2811 R. G. S.).

There is no bill of exceptions in the present case to show what did or did not occur before or at the time of the trial, touching any other conduct which might amount to a waiver by the defendants of the absence of defendant Bowman, so the presumption must be that there was no waiver where the record is silent on the subject and the judgment of the Circuit Court in awarding an arrest of judgment is inconsistent with the idea that a waiver was shown.

In this case plaintiff did not undertake to dismiss his action against all the makers of the note, except one, thereby converting the action into a several suit against that one, as this court has intimated might have been permissible, since the note was a joint and several note.* Neither did

---

*In Springstead v. Crawfordville State Bank, 63 Fla. text 273, it was said: "If the plaintiff had dismissed the action against all the makers except one, it would then have been changed into a several suit against that one, and that might have been permissible."

the plaintiff take advantage of the re-pleader which the Circuit Court awarded to him after granting the motion of defendants in arrest of judgment. Such being the state of the record before us, our previous opinion should be modified to the extent of now holding that there was no error committed by the Court in granting the motion in arrest of Judgment, but that the judgment should nevertheless stand reversed and the cause remanded for the entry of a proper judgment of dismissal on plaintiff's discontinuance, instead of a final judgment for the defendants on the merits, as was in fact entered.

A discontinuance of a common law action is similar to a non-suit, and occurs whenever the plaintiff leaves a chasm in the pleadings or proceedings of his cause, as by not continuing the process, or by not proceeding regularly as he ought to do, whereby his suit is by operation of the common law to be regarded as discontinued, and the defendant held no longer bound to attend. Rountree v. Key, 71 Ga. 214; 3 Blackstone, page 296; Ex parte Doak, 188 Ala. 406, 66 Sou. Rep. 64.

A discontinuance as to one of several joint defendants in a joint action is, at common law, a discontinuance as to all of them. And when such discontinuance appears on the face of the record in the pleadings or proceedings before the Court, it may be reached by demurrer before verdict. Tippett v. May, 1 Bos. & Pul. Rep. 411. In Florida, the verdict in a common law action is a part of the record proper, so a discontinuance which is evidenced by the verdict may be reached by a motion in arrest of judgment. See Edwards v. State, 54 Fla. 40, 45 Sou. Rep. 21.

The action of the plaintiff in the Court below in proceeding to trial with only two of three defendants served, where the action was brought as a joint action, though the note sued on was both joint and several, must be treated as discontinuance by the plaintiff of the action against the

defendant J. H. Bowman, Jr., which under our holding in Springstead v. Crawfordville State Bank, 63 Fla. 267, 57 Sou. Rep. 668, required the Circuit Judge to dismiss the whole case, in the absence of showing of compliance with Section 4496 C. G. L., 2809 R. G. S., which provides that the plaintiff in a suit at law may proceed against the defendant served, noting the fact of non service on the absent defendant, but only *after* the sheriff has first made his return that the defendant served does not reside in the County.

Opinion modified on re-hearing and judgment reversed with directions to dismiss the plaintiff's suit as a discontinuance of the action first brought.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., concurs in the opinion and judgment.

ELLIS AND BROWN, J.J., dissent.

BROWN, J. (dissenting).—My dissent is based upon the fact that the two defendants who were served went to trial without objection, as pointed out in the special concurring opinion of Mr. Justice Ellis on the original hearing and decision in this case. See also Edgar v. Bacon, 97 Fla. 679, 122 So. 107.

---

ON PETITION FOR SECOND REHEARING.

PER CURIAM.—Upon further consideration of the judgment entered in this case upon rehearing, and in consideration of the matters presented to the Court by the petition for rehearing filed by the plaintiff in error, briefs for and against which were permitted to be filed by express order of this court, it appears that the ends of justice will be subserved by amending the judgment upon rehearing so as to read as follows: "That the opinion filed in this cause July 4, 1931 be modified in accordance with the opinion filed July 6, 1932 on rehearing granted, and that the judgment entered by the Circuit Court be reversed and the cause be

94

remanded for such further proceedings as may be according to law and the opinion of the court last filed, without prejudice to any right the plaintiff in error may have to apply for a venire de novo with permission to replead, or take such other and further proceedings in the cause as may be according to law, to conform to right and justice.''

Otherwise the opinion of the Court filed July 6, 1932 is adhered to and the plaintiff in error's petition for a second rehearing is denied.

Judgment of appellate court amended and petition for a second rehearing denied.

BUFORD, C.J., AND WHITFIELD, TERRELL AND DAVIS, J.J., concur.

ELLIS AND BROWN, J.J., dissent.

BROWN, J. (dissenting).—It seems to me that our original decision and judgment of July 4, 1931, was correct and should be adhered to without modification.

ELLIS, J., concurs.