E. W. DAVIS, *et al.,* v. FIRST NATIONAL BANK & TRUST CO. IN ORLANDO.

150 So. 633.

Division A.

Opinion Filed October 27, 1933.

*E. W. & R. C. Davis,* for Plaintiffs in Error;

*Giles & Gurney,* for Defendant in Error.

DAVIS, C. J.—In this case judgment on a joint promissory

note was taken against less than all of the three defendants sued in the present suit and sought to be held liable jointly for the debt represented by the joint notes sued on.

At common law there must be a recovery against all or none of those declared against jointly, unless one defendant has shown a defense personal to himself not affecting the original joint liability. And the plaintiff, while maintaining his suit as a joint action against three obligors on joint notes, cannot sever and take judgment against two only of the three named as joint defendants, except on a strict compliance with Section 4496, C. G. L., 2809 R. G. S. The cited section of the statutes provides that where the sheriff returns that the absent defendant does not reside in the county, the plaintiff may proceed against the two defendants served, *noting the fact of non service* on the missing third defendant. Harrington v. Bowman, 106 Fla. 86, 143 Sou. Rep. 651 (on rehearing); Springstead v. Crawfordville State Bank, 63 Fla. 267, 57 Sou. Rep. 668.

Notation of the fact of non-service on the absent defendant should be made to appear in the judgment. This is so because such notation is a part of what the court is required to adjudicate, in order to warrant it in entering its judgment against less than all who have been named as joint defendants in a suit at law on a joint contract. Such notation in the judgment is not only appropriate as a means of saving the judgment from being pleaded in bar of a subsequent action against the absent party in another suit, but since it is made by statute a condition precedent to the right of plaintiff to proceed to any judgment against less than all the defendants sued, strict compliance with the statute is essential to avoid a reversal of the judgment in direct appellate proceedings brought attacking it by writ of error.

The fifth assignment of error raising the objection that notation of non-service on Jones, the missing defendant, was not made to appear in the judgment brought here on writ of error in this case, must accordingly be sustained, and the judgment reversed for such appropriate procedure as will be in conformity with law.

Reversed for appropriate proceedings.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.