**FRANK C. ALDERMAN v. CAMILLA PULESTON**

24 So. (2nd) 527
July 10, 1945
Rehearing granted July 10, 1945
On rehearing January 15, 1946

June Term, 1945
En Banc

*Frank C. Alderman, Jr., Treadwell & Treadwell* and *J. Lewis Hall,* for appellant.

*Leitner & Leitner,* for appellee.

PER CURIAM:

This case is affirmed on the authority of Davis v. First Natl. Bank & Trust Co. in Orlando, 112 Fla. 485, 150 So. 633.

CHAPMAN, C. J., BROWN, THOMAS and SEBRING, JJ., concur.

TERRELL, BUFORD and ADAMS, JJ., dissent.

ADAMS, J., dissenting:

I dissent and think the judgment should be reversed upon authority of Harrington v. Bowman 106 Fla. 86, 143 So. 65.

TERRELL and BUFORD, JJ., concur.

ON REHEARING GRANTED

TERRELL, J.:

In June 1937, Camilla Puleston sued Frank C. Alderman, Catherine A. Pursley and Charles C. Pursley as joint obligors on a joint promissory note. The sheriff made his return as to service on Alderman and Catherine A. Pursley by returning

the summons unserved on Charles C. Pursley because he "could not be found or located in Lee County, Florida."

In July 1937, the Declaration was filed, in April 1940, amended declaration was filed, in July 1942 plea of defendant was filed, in November 1942, verdict of the jury was returned, in December 1942, there was a petition to amend the sheriff's return, in July 1943, order was entered permitting the sheriff to amend his return, (it is shown by record that the deputy sheriff who made the original return as to Charles C. Pursley refused to amend his return to show non-residence of Charles C. Pursley at the time summons was delivered to him for service). In September 1944, alias summons directed to Charles C. Pursley, was returned unserved because the defendant did not reside in Lee County, in September 1944, praecipe dismissing Charles C. Pursley was filed and in November 1944 final judgment was entered against Alderman and Catherine A. Pursley. This appeal was from the final judgment.

On July 10, 1945 a majority of the court affirmed the final judgment on authority of Davis v. First National Bank of Orlando, 112 Fla. 485, 150 So. 633, (hereafter referred to as the Davis case). A minority of the court thought the final judgment should have been reversed on authority of Harrington v. Bowman, 106 Fla. 86, 143 So. 651, (hereafter referred to as the Harrington case).

On petition for rehearing it is insisted (1) that the case at bar is controlled by Section 55.06 Florida Statutes 1941, as construed by this court in the Harrington case, (2) the case at bar is identical with the Harrington case wherein we held that when the plaintiff proceeded to trial without securing a return by the sheriff that the unserved defendant "does not reside in the County," that such action constitutes a discontinuance as to all defendants, (3) There is no conflict between the Harrington case, relied on by the minority of the court and the Davis case, relied on by the majority. In fact, the two cases supplement each other, (4) The plaintiff in the court below, without any justification or foundation in law dismissed one of three joint defendants in a joint action on a

joint obligation, thus dismissing in contemplation of law all joint defendants.

On consideration of the petition for rehearing a majority of the court have reached the conclusion that the case at bar is ruled by the Harrington case, in which we construed Section 55.06 Florida Statutes of 1941, to provide that when the sheriff makes his return that an unserved defendant was not served because he does not reside in the county, that then in that event only may the plaintiff proceed.

The rule is well settled that where parties to a cause are joint obligors on a joint obligation they must be sued jointly and that dismissal or discontinuance of the cause as to one amounts to dismissal or discontinuance as to all. This was the rule of the Common Law which is in force in Florida, so the plaintiff can proceed against joint defendants only by serving process on all or by proceeding strictly as required by Section 55.06 Florida Statutes of 1941.

An examination of the record in the case at bar and in the Harrington case discloses that both cases are identical as to main points of procedure. In both cases three joint defendants were sued on a joint obligation, in each case two defendants were served but as to the third defendant the summons was returned unserved because the defendant was not found. In both cases plaintiff proceeded to trial and secured a verdict and in both cases the defendant filed a motion in arrest of judgment on the ground that the return of the sheriff as to the absent defendant was not a proper predicate for judgment, in that it did not show the non-residence of the absent defendant and that there was a variance between the summons and the pleadings.

Under this state of facts we cannot escape the conclusion that the Harrington case rules the case at bar. We do not think however, that there is any conflict between the Harrington case and the Davis case. The Harrington case holds that when the plaintiff begins an action against joint defendants he cannot proceed against the defendants served until the return of the sheriff on the summons directed to the unserved defendants shows that such defendants were not served because they did not reside in the county and that if the

plaintiff proceeds to trial without such return as to unserved defendants the proceeding constitutes a discontinuance as to all parties and the cause should be dismissed.

In the Davis case, summons was issued to three joint defendants, two of whom were served and return thereof made but as to the third defendant summons was returned unserved because the defendant was "not found" in the county. Realizing that said return was not a proper predicate on which to proceed, plaintiff caused an alias summons to be issued and placed in the hands of the sheriff who made return thereon that defendant was not served because he did not reside in Orange County, Florida. Trial was then had resulting in a verdict and final judgment for plaintiff, but the judgment was reversed because of the fact that non service on defendant was not noted in the judgment. This was the sole error.

It therefore follows that the Harrington case and the Davis case deal with two different phases of procedure, the Harrington case points out results when plaintiff proceeds contrary to statute, and the Davis case points out results when the plaintiff proceeds as the statute directs. There is no inconsistency in them.

The judgment appealed from is therefore reversed.

Reversed.

BROWN, BUFORD, THOMAS, ADAMS and SEBRING, JJ., concur.

CHAPMAN, C. J., dissents.