ERNEST E. ROBERTS, as Administrator of the Estate of Eugene Hanlon, deceased, v. SEABOARD SURETY COMPANY, a corporation.

29 So. (2nd) 743         January Term, 1947
April 1, 1947             Division B
Rehearing Denied April 21, 1947

William Clinton Green, Morehead, Pallot, Smith, Green & Phillips and Bouvier & McCall, for appellant.

Hyzer & Padgett, for appellee.

BUFORD, J.:

This appeal brings for review a decree enjoining the levying of an execution or otherwise attempting to enforce a judgment of the Civil Court of Record of Dade County, Florida, and holding the judgment to be null and void.

The record shows that on March 2, 1942, Eugene Hanlon commenced an action against Southeastern Construction Company, a corporation, and Seaboard Surety Company, a corporation, in the Civil Court of Record in and for Dade County, Florida, case No. 24067, claiming damages in the sum of $4,000.00. In and by the declaration the plaintiff Hanlon sued the defendants jointly, on three common counts, as follows:

"1. For that heretofore and prior to the institution of this suit the said defendant became indebted to this plaintiff in the sum of One Thousand Four Hundred and Fifty-six and 80/100 ($1,456.80) Dollars, money payable by the defendant to the plaintiff for goods bargained and sold by the plaintiff to the defendant.

"2. And in a like sum for money payable by the defendant to the plaintiff for work done and materials furnished by the plaintiff for the defendant at its request.

"3. And in a like sum for money payable for money found to be due from the defendant to the plaintiff on accounts stated between them.

"4. Yet the said defendant has not paid the said moneys, nor any part thereof, though often requested so to do.

"Bill of particulars is hereto attached and made a part hereto.

"Wherefore plaintiff sues and alleges damages in the sum of Four Thousand ($4,000.00) Dollars."

The bill of particulars attached to and made a part of the declaration was as follows, to-wit:

"EUGENE HANLON
Plumbing and Repairing
Air Conditioning
18 S. W. Eleventh Avenue
Miami, Florida

Southeastern Construction Co.,
P. O. Box 330, Key West, Fla.
Naval Defense,
Housing Project No. 4422

| Date | Items | Debit | Credit | Balance." |
|------|-------|-------|--------|-----------|

(Then follows an itemized statement of account for merchandise, showing a balance due from Southeastern Construction Co., to Eugene Hanlon of $1,456.80.)

Summons was served on the defendant Southeastern Construction Company and on the return date thereof the defendant Southeastern Construction Company entered its appearance and on April 6th 1942, the defendant Southeastern Construction Company filed its plea to the plaintiff's declaration on each and every count thereof that it was never indebted as alleged.

On February 22, 1944, plaintiff caused an alias summons to be issued directed to the defendant Seaboard Surety Company. The summons was served by delivering a true copy thereof to one Woodsmall, business agent of said defendant, and thereafter, on March 6th, 1944, Paul C. Taylor, an attorney, entered his appearance for Seaboard Surety Company.

Neither the declaration nor the bill of particulars had been amended and there was no bill of particulars on file showing any obligation of Seaboard Surety Company to pay the debt, nor was there any alleged account stated showing any indebtedness to the plaintiff from the defendant Seaboard Surety Company.

On April 24th, 1944, default judgment was entered against Seaboard Surety Company for want of plea, answer or demurrer in said cause, and thereafter suggestion of the death of Eugene Hanlon was filed in the cause and thereafter the cause proceeded in the name of Ernest E. Roberts as Administrator of the estate of Eugene Hanlon.

On February 25th, 1946, the plaintiff presented to one of the judges of the said Civil Court of Record an affidavit of account and motion for judgment and obtained thereon the final judgment against the defendant Seaboard Surety Company but not against the other defendant in whose behalf the cause was at issue on declaration and pleadings.

The affidavit of account is as follows:

"Before me, the undersigned Notary Public, this day personally appeared MARGARET PHILIPSEN, who being by me first duly cautioned and sworn in said cause, deposes and says: That she is and has been since the year 1940 up to the present time the Bookkeeper of the plumbing business conducted by EUGENE HANLON in his lifetime and by his personal representatives and devisees thereafter; that she has read and knows the contents of the Declaration in this cause and the statement of account thereto annexed, and that she compiled the said statement from the books, records and accounts of the Plaintiff, and that the same is a true and correct transcription of the account stated between the Plaintiff and the Defendant, Southeastern Construction Co., a corporation, and Seaboard Surety Company, a corporation."

The motion for judgment is as follows:

"Comes now the Plaintiff, by his undersigned attorneys, and shows unto the Court that there was heretofore entered against the defendant SOUTHEASTERN SURETY COMPANY, a corporation, a default judgment for failure to plead or demur on the April, 1944, Rule Day, which default judg-

ment was entered on April 24, 1944, and plaintiff files herewith an affidavit in support of the statement of account heretofore sued on, and moves the Court for the entry of Final Judgment in this cause against the Defendant, SEABOARD SURETY COMPANY, a corporation duly authorized to do business in the State of Florida."

On the date that the judgment was entered execution was issued by the Clerk of the said Court and was placed in the hands of the Sheriff to be served. The bill alleges:

"6. That this plaintiff had no knowledge or notice of the signing of the aforesaid Final Judgment against it, and the issuance of the execution thereon until notified by the Insurance Commissioner of the State of Florida by letter dated May 30, 1946, that a certified copy of said Final Judgment had been filed in his office. A copy of said notice is attached hereto and made a part of said Complaint and marked Exhibit 'D' ".

This bill then denies that plaintiff had any knowledge of the judgment until long after the judgment was rendered or until after execution issued and alleges that plaintiff, therefore, had no opportunity to appeal. It denies that plaintiff was ever indebted to Hanlon or to Roberts as Administrator. It is alleged that the declaration with the bill of particulars shows that the indebtedness of Southeastern Construction Company to Hanlon was incurred in connection with Naval Defense Housing Project No. 4422 at Key West, Florida, and denies that plaintiff had any connection with that project as surety or otherwise and denies that plaintiff had any connection or relation with Hanlon. It alleges that the defendants in the case in which judgment was rendered were sued jointly; that Southeastern Construction Company filed its appearance and pleas and thereafter judgment was entered against Seaboard Surety Company leaving the case at issue between the plaintiff therein and the joint defendant Southeastern Construction Company on declaration and pleas.

Thereafter, the bill of complaint, with leave of court was amended by adding other allegations wherein it was in effect alleged that Roberts as Administrator had committed a fraud upon the Civil Court of Record by representing in his motion

for judgment that default judgment had been theretofore entered against Southeastern Construction Company, when in truth no such thing had occurred; that Roberts committed a fraud upon the Civil Court of Record in presenting the affidavit wherein it was stated that the count constituting the bill of particulars attached to the declaration was a transcript of an account between Eugene Hanlon, the original plaintiff, and the defendant Southeastern Construction Company and Seaboard Surety Company, when in truth and in fact the bill of particulars showed an account between Hanlon and Southeastern Construction Company only; that Roberts committed a fraud upon the Civil Court of Record at the time of presenting his motion for judgment in failing to reveal to the court that Southeastern Construction Company and Seaboard Surety Company were sued jointly in the declaration filed in said case and that the application was for judgment against Seaboard Surety Company alone; that Roberts committed a fraud upon the Civil Court of Record at the time he presented his motion for judgment by failing to reveal to the court that the case was then at issue between the plaintiff and the defendant Southeastern Construction Company; that Roberts committed a fraud upon the Civil Court of Record and upon the defendant Seaboard Surety Company by allowing his judgment against the Seaboard Surety Company to lie dormant until after the term of court had expired and until after the expiration of the period for an appeal.

The amendment further alleges:

7. "That Ernest E. Roberts, as Administrator of the Estate of Eugene Hanlon, by and through his attorneys of Record, perpetrated further fraud upon the Civil Court of Record and upon the defendant Seaboard Surety Company, in obtaining the said final judgment against Seaboard Surety Company when no pleading or proof in said case shows any indebtedness due and owing from Seaboard Surety Company to Eugene Hanlon or his Administrator.

8. That the entry of said Final Judgment against Seaboard Surety Company unsupported by any statement of a cause of action or Bill of Particulars in the pleadings and unsup-

ported by any proof of evidence, is contrary to equity and good conscience."

The defendant in the equity suit filed its objection to the application for temporary injunction and motion to dismiss the bill and the suit.

The objections were overruled and the motion to dismiss was denied.

On August 9th, 1946, defendant filed his answer, as follows:

"As to the original bill:

1. Defendant admits the allegations of paragraph 1 of the original complaint.

2. Defendant denies the allegations of paragraph 2 of the original complaint.

3. Defendant admits the allegations of paragraphs 3 and 4 of the original complaint.

4. Defendant admits the allegations of paragraph 5 of the complaint, save and except the statement that the said affidavit is false, which statement he denies.

5. Defendant admits the allegations of paragraphs 6, 7, 8, 9 and 10.

6. Defendant admits each of the allegations of paragraph 11, save and except he says that there is no showing on the record that the said obligation is a joint obligation and he denied that the entry of the said judgment is erroneous and fatal.

As to the amendment to the bill of complaint:

Answering the allegations contained in the amendment to the bill of complaint and each and every said allegation, the defendant says:

7. That he denies that a fraud was committed as alleged in paragraph 1 and says that the misnaming of the defendant, Southeastern Construction Company, was a clerical error and oversight, and admits the remainder of the allegations thereof.

8. He denies the allegations that a fraud was committed upon the Civil Court of Record in the statement of the said

account and says that the affidavit presented reference to the statement of the account attached to the declaration to identify the same matter and cause of action upon which the Seaboard Surety Company was liable.

9. Answering paragraph 3 thereof, the defendant denies that a fraud was committed in not disclosing that the defendants were sued jointly and denies the allegations thereof.

10. The defendant denies the allegations of paragraphs 4, 5, 6 and 7 and denies any fraud or fraudulent intent in connection therewith.

11. He denies the allegations of paragraph 8 thereof."

On August 8th, 1946, a stipulation was filed, as follows:

"It is stipulated and agreed by and between the attorneys for the plaintiffs and the attorneys for each of the said defendants, that

"WHEREAS, the merits of this cause have heretofore been presented and argued to the Circuit Court in connection with the objections of the defendants to the application for temporary injunction and in connection with their motion to dismiss the bill of complaint and suit, and

"WHEREAS, the court has heretofore indicated its views upon the merits of the action, and

"WHEREAS, there is nothing further to present in said action except as shown by the record of the proceedings in the Civil Court of Record in and for Dade County, Florida, in connection with the entry of the said final judgment in said court sought to be held void and unenforceable by this action.

"IT IS THEREFORE STIPULATED AND AGREED that the plaintiff herein may present this motion for final decree on bill and answer to one of the judges of the above entitled court for the entry of final decree therein without further notice, and the parties hereto waive any right to present testimony or further argument in said action; it being understood, however, that neither of the parties hereto do hereby waive any right to appeal from the said final decree or any of the prior rulings of the said court or in anywise consent thereto, the purpose of this stipulation being merely to facilitate the disposition of the litigation in order that an appeal

may be taken from the final disposition thereof and prior orders therein if the parties aggrieved thereby so desire, without any reasonable delay."

Motion was filed for final decree on bill as amended and answer.

The court entered the decree as indicated heretofore. From this decree appeal was taken.

It will be noted that the declaration in this case declared against Southeastern Construction Company, a corporation, and Seaboard Surety Company, a corporation, jointly. It is also observed that by apt words the bill of particulars is attached to and made a part of the declaration and that such bill of particulars definitely stated on account alleged to be due by Southeastern Construction Company, P. O. Box 330, Key West, Florida, Defense Housing Project No. 4422, and nowhere was there any showing that the Seaboard Surety Company was a party to the account or was in any manner obligated to pay the same.

It is well settled that prior to the adoption of C. L. Rule 16 a bill of particulars is not a part of the declaration unless specifically made so by apt words in the declaration. See Hoopes v. Crane, 56 Fla. 295, 47 So. 992; Johnson v. Sebring, 104 Fla. 584, 140 So. 672; State v. S.A.L. Ry., 56 Fla. 670, 47 So. 986. Rule 16, supra, provides that the required bill of particulars shall be taken and considered as a part of the declaration.

As there was no bill of particulars showing the basis of any claim against Seaboard Surety Company, Seaboard Surety Company was not required to plead to the declaration until copy of cause of action was attached thereto. Sec. 51.06, Fla. Statutes 1941 (same F.S.A.). In Waterman v. Mattair, 5 Fla. 211, this section was held to be merely directory. Nevertheless, under the facts in this case we must hold that the default judgment was entered against this defendant under conditions which did not authorize its entry.

Furthermore, when a bill of particulars is attached to and made a part of the declaration, then the plaintiff is bound by it and in proof cannot go beyond it. See Butler v. Ederheimer, 55 Fla. 544, 47 So. 23.

It, therefore, follows that when plaintiff in the Civil Court of Record filed his proof of account it constituted a fatal variance from the cause of action stated in the declaration and the judgment could not be supported on that alone.

In John H. Roche v. D. K. McDonald, 136 Wash. 322, 239 Pac. 1015, 44 A.R.L. 444, the court said:

"It has become the settled law of this state, and we think generally elsewhere in this country, that a judgment rendered by default, rested solely upon the allegations of a complaint so deficient in substance as to conclusively negative the existence of a cause of action at the time of its rendition, is void, or in any event voidable, and that such a judgment may be successfully assailed collaterally or otherwise, whenever it is sought to be made the foundation of a claim of right. State ex rel First Nat. Bank v. Hastings, 120 Wash. 283, 207 Pac. 23."

In Crawford v. Pierce et al., 185 Pac. 315, 56 Mont. 371, the Court said:

"The district court is a court of general jurisdiction. It, therefore, has power to hear and determine all classes of cases, except petty cases, of which justices of the peace and police courts are by the Constitution (article 8, No. 11) given exclusive cognizance. Though within this limitation it has jurisdiction, in a general sense, over all classes of cases, it can acquire jurisdiction of a particular civil case only by the filing of a written complaint (Rev. Codes, No. 6513), which, besides the formal parts, must contain a statement of the facts constituting the cause of action, in ordinary and concise language. Section 6532. However clear and concise the statement of facts may be, if it does not disclose a case upon which the court may grant redress, jurisdiction does not attach."

In 14 Am. Juris. page 385, Sec. 191, the text is:

"Where judicial tribunals have no jurisdiction of the subject matter on which they assume to act, their proceedings are absolutely void in the strictest sense of the term; and a court which is competent to decide on its own jurisdiction in a given case may determine that question at any time in the proceedings of the cause. Whenever that fact is made

to appear to its satisfaction, either before or after judgment. Accordingly, an objection for want of jurisdiction, if it exists, may be raised by answer or at any subsequent stage of the proceedings; in fact, it may be raised for the first time on appeal. A court will recognize want of jurisdiction over the subject matter even if no objection is made. Therefore, whenever a want of jurisdiction is suggested, by the court's examination of the case or otherwise, it is the duty of the court to consider it, for if the court is without jurisdiction, it is powerless to act in the case.

"A plaintiff against whom judgment went in the lower court may on appeal raise the question of the jurisdiction of the trial court and have the judgment reversed if the court did not have jurisdiction of the subject matter, although the assumption of jurisdiction was to his advantage. As heretofore shown, the jurisdiction of a court over the subject matter of a cause of action must be conferred by law, and it cannot under any circumstances be conferred on a court as such, by the consent of the parties. It naturally follows that if jurisdiction cannot be conferred by consent, the want therof cannot be waived by any act of the parties."

In Malone v. Meres, 91 Fla. 709, 109 So. 677, we said:

"Jurisdiction of the subject matter does not mean jurisdiction of the particular case but of the class of cases to which the particular case belongs, and does not depend upon the sufficiency of the pleadings nor the rightfulness of the decision." O'Brien v. People ex rel Kellogg Switchboard and Supply Co., 216 Ill. 354; People v. Kiser, 151 Ill. App. 6; International Paper Co. v. Bellows Falls Canal Co., 91 Vt. 350, 100 Atl. Rep. 684; Wadhams Oil Co. v. Tracy, 141 Wis. 150, 123 N.W. Rep. 785.

" 'If the defect of jurisdiction springs from want of power the result is void; if from inexcusable departure from established principles governing the exercise of judicial power, it is erroneous and may and ought to be set aside upon appeal regardless of the attitude of counsel in respect thereto upon either side.

" 'Want of judicial power as to a particular subject of action renders relief granted to the plaintiff open to challenge,

directly or indirectly, as void. Abuse of power in the sense of inexcusable departure from established principles in the exercise of judicial authority, leaves the result binding upon the parties interested till set aside in some appropriate judicial proceedings. Harrigan v. Gilchrist, 121 Wis. 127, text 132, 99 N.W. Rep. 909.' "

In the case of Lovett v. Lovett, 93 Fla. 611, 112 So. 768, Mr. Justice Brown, speaking for the Court, said:

"There is some confusion in the use of this term 'subject matter' in some of the cases dealing with the question of jurisdiction. Sometimes it is applied with reference to the power of the Court to deal with the class of cases to which the particular case belongs, and sometimes it is applied to the rest within the Court's control or under its jurisdiction, or to the rights, that is the question of personal or property rights—the controversy—before the Court in the particular case. The rule that jurisdiction of the subject matter in the general abstract sense—the power of the Court to adjudicate the class of cases to which the particular case belongs— cannot be conferred by the acquiescence or consent of the parties is so universally recognized as to require no citation of authority. The kind of jurisdiction referred to by this rule is the power conferred on the Court by the sovereign— which means with us the Constitution or statute, or both —to take cognizance of the subject matter of a litigation and the parties brought before it, and to hear and determine the issues and render judgment upon the issues joined. Brown on Jurisdiction, Sec. 2, 2nd Ed.; 35 C.J. 426; 16 C.J. 723, 734. 'The power to hear and determine a cause is jurisdiction; it is coram judice whenever a case is presented which brings this power into action.' United States v. Arrodondo, 6 Peters 709. 'Jurisdiction of the subject matter is the power to deal with the general abstract question to hear the particular facts in any case relating to this question, and to determine whether or not they are sufficient to invoke the exercise of that power.' Foltz v. St. Louis, etc. R. Co., 60 Fed. 316, 8 C.C.A. 635. But before this potential jurisdiction of the subject matter—this power to hear and determine—can be exercised, it must be lawfully invoked and called into action—

the parties and the subject matter of the particular case must be brought before the Court in such a way that it acquires the jurisdiction and the power to act. There must be a right in dispute between two or more parties; a proceeding commenced under the proper rules of law; process must be served on the opposite party or parties in order that they may have an opportunity to be heard, or the property, if that be the subject matter of the action, must be within such jurisdiction and the owner or person having the right to claim it or to be heard, must be notified as required by law of the pendency of the proceeding. Brown on Jurisdiction, Secs. 2 and 9; 15 C.J. 734, 797. The jurisdiction and power of a court remain at rest until called into action by some suitor; it cannot by its own action institute a proceeding *sue sponte*. The action of a court must be called into exercise by pleading and process, prescribed or recognized by law, procured or obtained by some suitor by filing a declaration, complaint, petition, cross-bill, or in some form requesting the exercise of the power of the Court. If a court should render a judgment in a case where it had jurisdiction of the parties, upon a matter entirely outside of the issues made, it would of necessity be arbitrary and unjust as being outside the jurisdiction of the subject matter of the particular case, and such judgment would be void and would not withstand a collateral attack, for upon such matter a presumption would arise that the parties had had no opportunity to be heard."

In Freeman on Judgments, 5th Ed., Sec. 338, page 678, it is said:

"A court has no power to render a judgment in favor of one as plaintiff if he has never commenced any action or proceeding calling for its action, nor has it, as a general rule, power to give judgment respecting a matter not submitted to it for decision though such judgment is pronounced in an action involving other matters which have been submitted to it for decision and over which it has jurisdiction. There must be some appropriate application invoking the judicial power of the court in respect to the matter sought to be litigated; such as the filing of a petition, complaint or other

proper pleading, for it is in this manner that the court's power over the subject matter is invoked."

And on page 679 it is further said:

"On the other hand, an entire failure to invoke the court's jurisdiction over the subject matter or an attempt to do so in a manner wholly inadequate to bring the court's powers into activity would prevent any valid determination of the case."

In the same volume in Sec. 355, page 737, it is said:

"In some instances courts have undertaken to decide questions not involved in the suit or action before them and to grant relief therein; and their judgments have been assailed for that reason, and to the extent to which they departed from the matters embraced within the record they have been denied effect. A court is limited in its determination to the matters properly before it. Ordinarily it has no authority to pass upon questions not involved and in respect to which its jurisdiction has not been invoked."

See Munday v. Vail, 34 N.J.L. 418 in support of this text.

See also Barnes v. Montana Lbr. & Hardware Co., 67 Mont. 481, 216 Pac. 335.

In the instant case there was not by the pleadings presented any subject matter constituting a cause of action claimed by the plaintiff against the defendant Seaboard Surety Company. The only cause of action presented by the pleadings was claimed in favor of the plaintiff against Southeastern Construction Company. The allegation in the declaration that the suit is brought against Southeastern Construction Company, a corporation, and Seaboard Surety Company, a corporation, is neutralized by the bill of particulars made a part of the declaration showing an account against Southeast Construction Company only. Therefore, the pleadings failed to submit to the court jurisdiction of the subject matter in which Seaboard Surety Company was shown to be a party in interest.

Sec. 55.06 Fla. Statutes 1941 (same F.S.A.) is in derrogation of the common law, which absolutely prohibited judgments to be entered against one and not all of the defendants sued jointly, and authorizes judgments to be rendered against

all defendants actually served without requiring judgment to be rendered against those named as defendants and not served. See Harrington v. Bowman, 106 Fla. 86 and 90, 143 So. 651; Davis v. First National Bank, etc., 112 Fla. 485, 150 So. 633.

We have repeatedly held that where the action is brought as a joint action against several defendants the judgment must be against all defendants sued jointly unless the provisions of Sec. 55.06 supra, are strictly complied with. Doggett v. Jordan, 3 Fla. 215, 4 Fla. 121; Springstead v. Crawfordville State Bank, 63 Fla. 267, 57 So. 668; Harrington v. Bowman, supra; Davis v. First National Bank, etc., supra.

So we must hold that the court was without power to enter a judgment against Seaboard Surety Company, one joint defendant, while the case stood at issue as to the other joint defendant.

For the reasons stated, the decree is affirmed.

It is so ordered.

THOMAS, C. J., ADAMS and BARNS, JJ., concur.