365 So.2d 1069 (1979)
Peter C. SWEBILIUS, Sr., Petitioner,
v.
FLORIDA CONSTRUCTION INDUSTRY LICENSING BOARD, Respondent.
No. II-92.
District Court of Appeal of Florida, First District.
January 9, 1979.
Paul H. Hagglund of Hagglund, Matthews & Hagglund, New Smyrna Beach, for petitioner.
Barry S. Sinoff of Jacobs, Sinoff, Edwards, Alford & Burgess, Jacksonville, for respondent.
ERVIN, Judge.
Swebilius appeals from an order of the Florida Construction Industry Licensing Board which suspended his license for a period of six months. Swebilius was sued by two persons with whom he had contracted to build a home. A judgment was recovered by them in which it was recited that the foundation and side walls were not built according to plans, and that the overall quality of the house was substandard. Following the judgment, the Board filed an administrative complaint, alleging Swebilius had violated § 501.204, Fla. Stat. (1975) and certain rules of the Department of Legal Affairs, Ch. 2-15.03, in the construction of the home by deviating materially from the plans without consent of the intended purchasers.
Findings were entered by the hearing examiner which found that mitigating circumstances *1070 allowed the contractor's deviation from the plans and specifications. It was concluded the evidence did not show that the petitioner had violated Ch. 468 to the extent his license should be suspended since the only violation, pertaining to the construction of the chimney shape of the house, was technical. The order recommended only that Swebilius be reprimanded, which was rejected by the Board's suspension order.
Swebilius raises several points in his appeal, the first being that the Board did not have subject matter jurisdiction to prosecute the complaint because § 468.112(1) provides that the Board must first forward a complaint to a local board, if one exists, otherwise the state Board "shall take jurisdiction." Swebilius observes that there was a local board in existence in Volusia County; therefore the Licensing Board had no jurisdiction. Under the Volusia County Code, the County Trades Examining Board has the authority to revoke or suspend a contractor's certificate of competency if, after hearing, it is found the contractor has violated any of the provisions of the code, which include in general the same prohibitions as are contained in Ch. 468.
The pertinent portion of § 468.112(1) provides in part:
On its own motion or the verified written complaint of any person, the board may investigate the action of any contractor certified or registered under this part and hold hearings pursuant to chapter 120; provided, however, when any complaint involves a contractor certified or registered under this part for acts or omissions occurring in any area of the state which has a local board, the board shall forward the complaint to the municipality, city, or county where the alleged violation occurred for its action. Where no local board exists, the board shall take jurisdiction.
The act is clear in its terms that only in the event a local board does not exist is FCI conferred jurisdiction to investigate, hold hearings, and if need be, suspend or revoke a license. The Licensing Board does not contest the existence of a local board;[1] it argues rather that Swebilius is estopped from raising the jurisdictional issue because it was first asserted on this appeal and not during any of the administrative level proceedings. While we are aware of the authority which the Board relies upon, i.e., Florida State Racing Commission v. McLaughlin, 102 So.2d 574 (Fla. 1958); Krasnosky v. Krasnosky, 282 So.2d 186 (Fla. 1st DCA 1973); North Miami General Hospital, Inc. v. Kovens, 318 So.2d 567 (Fla. 3d DCA 1975), we believe that the issue has not been waived.
The Licensing Board, created by statute, § 20.30(5)(b), and Ch. 468, Part II, has only those powers which are conferred upon it by the legislature in order to carry out the aims for which it was established. See State v. Atlantic C.L.R. Co., 56 Fla. 617, 47 So. 969 (1908). Moreover an agency may not enlarge its jurisdiction; nor can jurisdiction be conferred upon the agency by agreement or consent of the parties. Gulf American Corp. v. Florida Land Sales Board, 206 So.2d 457 (Fla. 2d DCA 1968).
The Licensing Board, in suspending Swebilius' license, was functioning in a quasi-judicial manner. Cases involving a court's subject matter jurisdiction are particularly helpful in resolving the issue of the agency's jurisdiction to proceed against Swebilius. Subject matter jurisdiction means the power of the court to deal with a class of cases to which the particular case belongs, Malone v. Meres, 91 Fla. 709, 109 So. 677 (1926), and it concerns the power of the court to adjudge as to the general question involved before it. Quigley v. Cremin, 94 Fla. 104, 113 So. 892 (1927); Crill v. State Road Dept., 96 Fla. 110, 117 So. 795 (1928); Curtis v. Albritton, 101 Fla. 853, 132 *1071 So. 677 (1931). If a court has no jurisdiction over the subject matter, it has no jurisdiction to entertain questions pertaining thereto. Lovett v. Lovett, 93 Fla. 611, 112 So. 768 (1927). Moreover such jurisdiction cannot be waived. Judicial proceedings which are taken without subject matter jurisdiction are void in the strictest sense of the term. Roberts v. Seaboard Surety Co., 158 Fla. 686, 29 So.2d 743 (1947). For example, it has been held that the failure to make a timely objection to the circuit court's assumption of jurisdiction over an action for declaratory relief does not later preclude the objection from being raised on appeal. Pushkin v. Lombard, 279 So.2d 79 (Fla. 3d DCA 1973), cert. den., Fla., 284 So.2d 396. In Pushkin, certain optometrists were charged by the Board of Optometry with violating Ch. 463. Before the administrative hearing was held, they filed an action in circuit court seeking a determination of their rights under Ch. 463. After the circuit court entered a declaratory judgment in favor of the optometrists, the Board, for the first time on appeal, raised its objection to the circuit court's jurisdiction on the ground that the optometrists had failed to exhaust administrative remedies. The Third District Court of Appeal agreed that the lower court had no jurisdiction, saying:
[W]e note that the record fails to show that the appellant challenged the action below on the specific grounds of failure to exhaust administrative remedies. However, such an attack goes to the very subject matter jurisdiction of the court to hear a matter and may be attacked at any time. Id. at 82.
Since there was a local board, the Licensing Board had no jurisdiction, and Swebilius is not estopped from now raising the point.
REVERSED.
MILLS, Acting C.J., and BOOTH, J., concur.
NOTES
[1] At the hearing, an investigator for the Licensing Board testified he had received information that the local board had refused to take any action due to its erroneous belief that it had no jurisdiction because the house was located in a special zoning district. Before the prosecution commenced, however, the district was declared unconstitutional, according to the testimony, thus removing any impediments to the county board's assumption of jurisdiction.