382 So.2d 1273 (1980)
The KEYES COMPANY, a Florida Corporation, Sophy Farkas, Lori Rutkin and Frank Arata, Appellants,
v.
Gilbert SENS, Appellee.
No. 79-1058.
District Court of Appeal of Florida, Third District.
April 15, 1980.
Lapidus & Stettin and Richard L. Lapidus, Miami, for appellants.
Charles L. Neustein, Miami, for appellee.
Before HUBBART and NESBITT, JJ., and CHARLES A. CARROLL (Ret.), Associate Judge.
PER CURIAM.
This is an appeal by the defendants below from an adverse judgment entered on jury verdicts. The appellee Gilbert Sens filed an action against the appellants the Keyes Company (Keyes) and three of its employees, Sophy Farkas, Lori Rutkin and Frank Arata.
Summarized, the facts alleged were that Keyes agreed to act as plaintiff's broker-agent for the purchase by him of a certain property, as evidence by a written contract *1274 (copy of which was attached) in which the plaintiff agreed to pay, and Keyes agreed to accept from plaintiff a commission (in the form of a second mortgage) for so acting in said transaction, in an amount equal to 7 1/2% of the unpaid balance on the outstanding first mortgage on the property. Following certain negotiations the owner agreed to sell on terms more favorable to the plaintiff purchaser than those originally specified; that thereupon the plaintiff agreed to the purchase, and a written contract was prepared, which was to be signed by the parties the following day; that the next morning, at a divisional meeting of sales personnel, when defendants knew of the plaintiff's transaction, the defendant Arata who was presiding at the meeting informed the sales employees present as to the terms on which the property could be purchased; that two of said salespersons, Keyes' employees, the defendants Farkas and Rutkin, knowing of plaintiff's transaction, purchased the property, thereby preventing plaintiff from purchasing the same, which it was alleged had a value in excess of that for which he was to have purchased the property. Based thereon the complaint, in separate counts, charged the defendants with malicious interference with an advantageous business relationship, breach of fiduciary duty and unjust enrichment, and sought compensatory and punitive damages.
On trial of the case the jury was provided with separate verdict forms for use as to the four defendants, in event the jury should find in favor of the plaintiff and against the defendants. The jury returned four verdicts, against Keyes for $50,000 for compensatory damages, and against the individual defendants for varying amounts of punitive damages with no compensatory damages. The defendants objected to the verdicts. When the jury was polled the foreman announced, "Our thoughts were that  that the company would pay the compensatory damages and the individuals would pay the punitive damages." The court then rejected the verdicts, and directed the jury to deliberate further with regard to the verdicts, and gave the jury the following instruction:
"In view of the fact that the foreman and the other members of the jury have said they did not understand my instructions, I am going to instruct you again.
"You cannot have punitive damages unless you have compensatory damages.
"The amounts, of course, are in your hands and no one else's hands, but the amount of compensatory can be any amount you want, but you cannot have punitive unless you have compensatory, nor can you have compensatory against one person and punitive against another person, because here again, it's the same thing. You can't have punitive unless you have compensatory.
"So, you can go back and decide exactly what you want to do, who, if anyone, you are going to assess for compensatory damages, who, if any you are going to assess with punitive. None for both, no punitive. I mean, on anybody else you have compensatory. Is that plain now?"
No objection was made on behalf of the defendants to the above instructions to the jury. After further deliberation the jury again returned four verdicts. The one against Keyes was for $25,000 compensatory damages and $25,000 punitive damages. The verdict against Farkas was for $5,000 compensatory damages and $5,000 punitive damages. The verdict against Rutkin was $5,000 compensatory damages and $5,000 punitive damages. The verdict against Arata was $10,000 compensatory damages and $10,000 punitive damages.
No objection to those verdicts was made on behalf of the defendants. The verdicts were published and the jury was discharged. After the jury had been discharged the defendants' counsel objected and moved for mistrial which was denied. Subsequently judgment was entered on the verdicts.
The verdicts and the judgment based thereon were contrary to law in two respects. It is the established rule that when defendants are jointly liable the verdict *1275 for the damages should run against all,[1] and under the law the jury was not permitted to apportion the compensatory damages among them. Jones v. Griffin, 103 Fla. 745, 138 So. 38 (1931); Davis v. First National Bank & Trust Co. in Orlando, 112 Fla. 485, 150 So. 633 (1933); Kellenberger v. Widner, 159 So.2d 267 (Fla. 2d DCA 1964); Licenberg v. Issen, 318 So.2d 386 (Fla. 1975); Moore v. St. Cloud Utilities, 337 So.2d 982 (Fla. 4th DCA 1976). Fla.Std. Jury Instr. (Civ.) 9.11(b) is designed to so inform the jury. In this case that instruction was not requested, nor was it given by the court. See Miami Coca-Cola Bottling Co. v. Mahlo, 45 So.2d 119, 120-121 (Fla. 1950).
Secondly, as to defendant Keyes whose liability for the acts of its employees was vicarious, based on respondeat superior, Keyes was not subject to a verdict or judgment for compensatory damages in excess of the amount of damages determined and found against its defendant-employees, the active tortfeasors.[2] Cf. Williams v. Hines, 80 Fla. 690, 86 So. 695 (1920); Colle v. Atlantic Coast Line Railroad Company, 153 Fla. 258, 14 So.2d 422 (1943); Hinton v. Iowa National Mutual Insurance Company, 317 So.2d 832 (Fla. 2d DCA 1975).
On this appeal from the judgment, the appellee-plaintiff argues that notwithstanding that the judgment may be legally defective in the above respects, it should be affirmed because defendants did not object to the instruction given to the jury prior to rendition of the final verdicts, and because of failure of defendants to object to said verdicts prior to the discharge of the jury, citing cases holding that errors in judgments predicated on verdicts that were incorrect in form, or which were inconsistent, are not preserved for review on appeal where such verdicts were not objected to prior to discharge of the jury.[3]
We hold those arguments of the appellee are not controlling in this case. The defects of these verdicts were not merely as to form, or for inconsistency. The judgment was predicated on verdict awards that were contrary to law, and not permissible by law, so as to cause the judgment based thereon to constitute fundamental error.
The appellants argue that the unlawful verdicts were the result of the independently given instruction to the jury, which appellants contend was inadequate to inform the jury as to the law with reference to such damage awards, and was such as to have confused the jury in such regard. Appellants then argue that review of the error of the court thereon is not precluded on appeal, for want of objection thereto, when such jury instruction was given by the court independently, citing Wofford Beach Hotel, Inc. v. Glass, 170 So.2d 62, 64 (Fla. 3d DCA 1965). There the court, after noting the rule of civil procedure by which a jury instruction not objected to is not subject to review on appeal, said:
"Nevertheless, we hold that an erroneously given instruction based upon the introduction of an inapplicable ordinance was such fundamental error that a fair trial could not have resulted and a new trial must be granted. In Louisville & Nashville R.R. v. Flournoy, Fla.App. 1961, 136 So.2d 32, it was held that when a court gives independent charges to the jury, the party adversely affected is not required, prior to retirement of the jury to consider its verdict, to note objection to a charge as to which he had no notice prior to the time it was given to the jury. This is especially true where the charge is of such nature as is likely to lead to confusion *1276 or create an unfavorable impression not readily removable from the minds of the jurors."
What was said there in Wofford is applicable here with regard to the jury instruction independently given by the court prior to the rendition of the final verdicts.
The rule that questions not presented to and ruled upon by the trial court are not reviewable on appeal is subject to the exception that an appellate court may consider and rule upon a constitutional or fundamental error when first raised or revealed on the record on appeal. Love v. Hannah, 72 So.2d 39, 43 (Fla. 1934); Ewing v. Dupee, 104 So.2d 672 (Fla. 2d DCA 1958); Florio v. State ex rel. Epperson, 119 So.2d 305, 309 (Fla. 2d DCA 1960); In re: Kionka's Estate, 121 So.2d 644, 647 (Fla. 1960); Sanford v. Rubin, 237 So.2d 134, 137 (Fla. 1970); American Home Assurance Co. v. Keller Industries, 347 So.2d 767, 772 (Fla. 3d DCA 1977). In Sanford v. Rubin, supra, the court said:
"`Fundamental error,' which can be considered on appeal without objection in the lower court, is error which goes to the foundation of the case or goes to the merits of the cause of action. The Appellate Court should exercise its discretion under the doctrine of fundamental error very guardedly."
The error of imposing on a defendant compensatory damages which are not authorized by law and which are contrary to law is one that goes to the ultimate merits of the cause. Cf., American Home Assurance Co. v. Keller Industries, supra. Moreover, such an error is one of constitutional dimension, for the reason that enforcement of such a judgment would constitute a taking of property from the defendant without due process of law. By so ruling with reference to the judgment in this case we do not hold or imply that judgments based on verdicts that are incorrect in form, or which are inconsistent, or which may be inadequate or excessive in amount, present fundamental error. See, for example, cases cited in footnote 3, supra.
Accordingly, we hold that the interest of justice would best be served in this case by a new trial on damages.
The judgment is reversed, and the cause is remanded for new trial on damages only.
NOTES
[1] With certain exceptions not applicable here. See Harrington v. Bowman, 106 Fla. 86, 143 So. 651 (1932); Lehman v. Spencer Ladd's Inc., 182 So.2d 402 (Fla. 1966).
[2] The fact that the verdicts fixed different amounts of punitive damages against the several defendants is of no concern, since such is legally permissible. Lehman v. Spencer Ladd's Inc., 182 So.2d 402 (Fla. 1966).
[3] Higbee v. Dorigo, 66 So.2d 684, 685 (Fla. 1953); Isenberg v. Ortona Park Recreational Center, Inc., 160 So.2d 132 (Fla. 1st DCA 1964); Lindquist v. Covert, 279 So.2d 44 (Fla. 4th DCA 1972); Savoca v. Sherry Frontenac Hotel Operating Co., Inc., 346 So.2d 1207 (Fla. 3d DCA 1977); Wiggs and Maale Construction v. Harris, 348 So.2d 914 (Fla. 1st DCA 1977).