WALDEN, Judge.
This is an action for breach of an employment contract provision, i.e., a covenant not to compete. It involves certified public accountants with Appellant, Jaworski, being the Defendant in the trial court.
Appellant presents seven (7) points for consideration. With the exception of Point 6, Jaworski has failed to demonstrate reversible error. We, therefore, affirm as to them.
Point 6 states:
“The trial court erred as a matter of law by including a conditional order of new trial or an order of remittitur regarding the appellant’s counterclaim for libel in the final judgment.”
A jury trial was held on Jaworski’s counterclaim for libel. The verdict was in favor of Jaworski. It was in the sum of Five Thousand Dollars ($5,000.00) against De-Woody and Hamner, P.A., and in the sum of One Thousand Dollars ($1,000.00) against Hamner, individually. It was not joint and several and, necessarily, the verdicts would have to be in equal amounts since the theory of the case against De-Woody and Hamner, P.A. was predicated solely upon the doctrine of respondent superior. The trial court correctly noted in the final judgment that such verdicts constituted fundamental error, citing Keyes Co. v. Sens, 382 So.2d 1273 (Fla. 3rd DCA 1980). However, the trial court went on to order a remittitur which, if Jaworski declined it, would result in a new trial on both liability and damages. We hold, based on Keyes Co. v. Sens, supra, that this treatment by the trial court in ordering a new trial on liability, constituted error and that the consequence of the mentioned fundamental error should be a new trial on the issue of compensatory and punitive damages only.
The judgment which provides a new trial as to liability and damages, as concerns Jaworski’s counterclaim for libel, is reversed to the degree that it provides a new trial as to liability.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED FOR FURTHER PROCEEDINGS.
DOWNEY and LETTS, JJ., concur.